W. W. PORTER v. ELIZABETH CAHILL AND WILLIAM J. CAHILL.

(Filed 10 July 1968.)

Courts § 14—

In a small claim action assigned to a magistrate for trial pursuant to G.S. 7A-211, where notice of appeal is given in open court and the magistrate notes the appeal on the judgment and returns the file to the Clerk of Superior Court, the appeal is properly perfected, G.S. 7A-228, and the appeal may not be dismissed for failure of the Clerk to perform the duty imposed on him by G.S. 7A-305(c) to collect the facilities fee and the General Court of Justice fee required when an appeal is taken from a magistrate to the district court.

APPEAL by plaintiff from *Carter, Chief District Judge,* Twelfth District, 13 November 1967 Civil Session, District Court, CUMBERLAND County.

Plaintiff instituted this action in the District Court Division of the General Court of Justice by filing complaint on 26 July 1967, seeking to recover $185.00 in tort for property damage. Under G.S., Chap. 7A, Art. 19 (G.S. 7A-210 *et seq.*), by general rule of the District Court, Twelfth District, the case was assigned to a magistrate for trial. On 26 July 1967 a magistrate's summons was issued and was served on the defendants 2 August 1967. Thereafter defendants filed answer, denying negligence, and asserting a counterclaim against plaintiff for $150.00 for property damage. Upon trial before the magistrate, judgment in the sum of $120.00 was rendered in favor of the defendants upon their counterclaim.

The plaintiff gave notice of appeal in open court before said magistrate on 24 August 1967, and the magistrate made a notation to this effect on the Judgment and returned the Judgment and file to the Office of the Clerk of Superior Court. The plaintiff took no further action to have the appeal heard.

On 27 October 1967, the defendants, through their attorneys, filed a motion to dismiss the plaintiff's appeal on the grounds that it had not been perfected in accordance with the General Statutes. On 30 October 1967, the plaintiff filed a counter-motion opposing the motion for dismissal. Both motions were heard on 29 November 1967, before the Chief Judge of the District Court Division of the Twelfth Judicial District. Judgment was entered on that date, which found as a fact that the plaintiff had not paid the facilities fee, or the General Court of Justice fee as provided by G.S. 7A-305(c), and also finding as a fact that the plaintiff had not filed a pauper's oath. The Judgment ordered the dismissal of the appeal.

The plaintiff excepted to the signing of the Judgment and gave notice of appeal to the Court of Appeals.

*Downing, Downing and David by Edward J. David for plaintiff appellant.*

*Quillan, Russ, Worth and McLeod by Joe McLeod for defendant appellees.*

BROCK, J.  At or about the time of filing his complaint, the plaintiff paid to the Clerk the sum of $8.00 for advance court costs. This is the total of the $2.00 facilities fee for cases heard before a magistrate, and the $6.00 fee for support of the General Court of Justice as provided by G.S. 7A-305, sections (a)(1) and (a)(2).

With regard to additional costs where an appeal is taken from a magistrate's judgment to the District Court, G.S. 7A-305(b) provides:

> "On appeal, costs are cumulative, and when cases heard before a magistrate are appealed to the district court, the General Court of Justice fee and the facilities fee applicable in the district court shall be added to the fees assessed before the magistrate; . . ."

It appears therefore that upon plaintiff's appeal from the magistrate to the district court the facility fee of $5.00 and the General Court of Justice fee of $6.00, which are applicable to this case in the district court, should be assessed in addition to the $8.00 already assessed before the magistrate. G.S. 7A-305(b), *supra;* G.S. 7A-305, secs. (a)(1) and (a)(2).

The question presented by this appeal is whether a deposit in advance of the additional $11.00 in fees by the plaintiff was mandatory in order to perfect his appeal from the magistrate to the district court.

The plaintiff appellant relies upon G.S. 7A-228, which reads as follows:

> "No new trial before magistrate; appeal for trial *de novo;* how appeal perfected; oral notice. — No new trial is allowed before the magistrate. The sole remedy for a party aggrieved is by appeal for trial *de novo* before a district judge. Appeal is perfected by serving written notice thereof on all other parties and by filing written notice with the clerk of superior court within 10 days after entry and indexing of the judgment on the civil judgment docket. Notice of appeal may also be given orally in open court upon announcement of or rendition of the judgment, and shall thereupon be noted in writing by the magistrate upon the judgment."

The defendants appellees rely upon G.S. 7A-305(c), which reads as follows:

> "The clerk of superior court, at the time of the filing of the papers initiating the action or the appeal, shall collect as advance court costs, the facilities fee and General Court of Justice fee, except in suits *in forma pauperis.*"

Under the provisions of G.S. 7A-305(c), *supra,* it is clear that the duty of collecting the additional costs at the time of the filing of the papers initiating an appeal is imposed upon the Clerk. But a failure of the Clerk to perform his duty in this respect should not operate to prejudice the appealing party.

It is abundantly clear from the record that the plaintiff gave notice of appeal in open court before the magistrate, and that the magistrate duly noted the appeal upon the judgment. This complies with the provisions of G.S. 7A-228. Notice of appeal having been given and duly noted, it is the duty of the Clerk to place the action upon the civil issue docket of the district court division. G.S. 7A-229.

If the additional costs have not been paid and the appellee feels aggrieved thereby, the appellee has a remedy. He can ask for execution upon the judgment appealed from and cause a stay bond to be posted or the execution satisfied, G.S. 7A-227; or he can make a motion before the district judge for a notice to the appellent to pay the additional costs or suffer a dismissal of the appeal.

The judgment of the District Court entered herein on 29 November 1967 dismissing the plaintiff's appeal is reversed, and this cause is remanded to the District Court, Cumberland County, with leave to plaintiff appellant to pay the additional fees within ten days after this opinion is certified to said court; and with leave to the defendants appellees to move the District Court for dismissal of the appeal if the fees are not paid within ten days after this opinion is certified to said court.

Reversed and remanded.

MALLARD, C.J., and PARKER, J., concur.