GATES *v.* McDONALD.

───────

K. G. GATES v. GEORGE C. McDONALD AND WIFE, ETHEL D. McDONALD.

(Filed 10 July 1968.)

1. **Ejectment § 8—**

In an action for the possession of real property, when an answer has been filed without the bond required by G.S. 1-111 and has remained on file for some time without objection, it is improper for the trial judge to strike the answer and render judgment for plaintiff without notice or rule to show cause, or without giving the defendant opportunity to file a defense bond.

2. **Same—**

The statutory requirement of bond in actions for the recovery or possession of real property may be waived unless seasonably insisted upon by plaintiff.

3. **Same—**

In an action for the possession of real property, plaintiff's motion at the trial that defendant's answer be stricken for failure to file the defense bond required by G.S. 1-111 is properly overruled, plaintiff not having moved that defendant be required to file the bond and not having given defendant notice of the motion to strike the answer.

APPEAL by plaintiff from *Thornburg, S.J.,* Regular March 1968 Civil "A" Session of BUNCOMBE Superior Court.

This civil action was instituted on 13 November 1967. Answer was filed by defendants on 2 January 1968, and reply was filed on 2 February 1968.

In his complaint, plaintiff alleges foreclosure of a deed of trust on certain lands belonging to defendants in Buncombe County, the purchase of the lands by plaintiff at the trustee's sale, and the delivery and recordation of deed from the trustee to plaintiff for the lands. Plaintiff prays for a writ of possession and a monetary judgment against defendants for rent.

In their answer, defendants denied plaintiff's title, denied that they executed the deed of trust referred to in the complaint, and alleged that the purported deed of trust was procured by fraud, deception, deceit, and connivance.

The case came on for trial on 29 March 1968. After a jury was selected and empaneled and the pleadings were read, plaintiff moved the court that defendants' answer be stricken for failure to file the bond required by G.S. 1-111. The motion was overruled, the parties proceeded with the trial, the jury answered the issues submitted in favor of defendants, and from judgment entered thereon, plaintiff appealed.

*Carl W. Greene, Attorney for plaintiff appellant.*

*Robert S. Swain and Richard Ford, Attorneys for defendant appellees.*

BRITT, J.   The sole assignment of error brought forward in plaintiff's brief relates to the overruling of plaintiff's motion to strike the answer of the defendants because of their failure to file a bond for costs and damages as required by G.S. 1-111.

Section 1-111 of the General Statutes provides as follows:

> "In all actions for the recovery or possession of real property, the defendant, before he is permitted to plead, must execute and file in the office of the clerk of the superior court of the county where the suit is pending an undertaking with sufficient surety, in an amount fixed by the court, not less than two hundred dollars, to be void on condition that the defendant pays to the plaintiff all costs and damages which the latter recovers in the action, including damages for the loss of rents and profits."

Although the filing of a bond by defendant before he is allowed to plead in an action for the recovery or possession of real property appears to be a mandatory requirement, our Supreme Court has held that the requirement may be waived and has treated the statute with considerable leniency.

In *McMillan v. Baker*, 92 N.C. 111, an action involving the recovery or possession of real property, pleadings were filed, the case was tried in the Superior Court and appealed to the Supreme Court; a new trial was ordered and at the retrial, after the jury was selected and empaneled, plaintiff for the first time raised the question that defendant had failed to file the required bond and moved to strike the answer. The motion was allowed, plaintiff recovered judgment, and defendant appealed. In granting another new trial, the court, speaking through Merrimon, J., said:

GATES *v.* McDONALD.

"We think the court ought not to have allowed the motion to strike out of the record the defendant's answer, without first giving him an opportunity to give a proper undertaking to secure costs and damages. Under the circumstances of this case, he had the right to be allowed such opportunity. The undertaking required by the statute in such cases is for the benefit of the plaintiff, and it ought to be strictly required unless waived by him; but he may waive it if he sees fit to do so. It is very clear that the plaintiffs did so in this case, at least, and certainly until they should demand it.

\*          \*          \*

"The court had the power to require the undertaking to be given at so late a period in the progress of the action, upon application of the plaintiffs; but the defendant had the right, after such waiver, to have opportunity to give it and, having given it as the court might require, to have his answer remain of record, and have the full benefit of it."

In cases coming within the purview of G.S. 1-111, when an answer has been filed without any bond and has remained on file for some time without objection, it would be improper for the trial judge to strike the answer and render judgment for plaintiff without notice or rule to show cause, or without giving the defendant opportunity to file a defense bond. *Cooper v. Warlick*, 109 N.C. 672, 14 S.E. 106. *Becton v. Dunn*, 137 N.C. 559, 50 S.E. 289.

The requirement that the defendant must "execute and file" a defense bond, or in lieu thereof a certificate and affidavit as provided by G.S. 1-112, may be waived unless seasonably insisted upon by the plaintiff. *Calaway v. Harris*, 229 N.C. 117, 47 S.E. 2d 796.

In the instant case, plaintiff did not move that defendants be required to file a bond but, without notice and as the case was in process of trial, moved that defendants' answer be stricken. The trial court properly overruled the motion.

The judgment of the Superior Court is
Affirmed.

CAMPBELL and MORRIS, JJ., concur.