JAMES CROCKETT, MRS. VIRGINIA DAVIS, MISS MADIE SIMPSON, ALONZO HART, JAMES RANDOLPH, THOMAS McCASKILL, MINNA REID and THOMAS BANKS, TRUSTEES OF CLINTON CHAPEL A.M.E. ZION CHURCH v. HATTIE LOWRY

No. 7026DC227

(Filed 6 May 1970)

1. **Courts § 14— perfection of appeal from magistrate — authority of magistrate to require appeal bond**

    In this small claim action tried before a magistrate, defendant perfected her appeal from the magistrate to the district court when she gave notice of appeal in open court and the same was thereafter noted in writing by the magistrate upon the judgment, and the magistrate was without authority to require an "appeal bond" as a condition precedent to an appeal from a judgment rendered by him; consequently, the district court erred in dismissing defendant's appeal for failure to post appeal bond of $100 set by the magistrate. G.S. 7A-228.

2. **Ejectment § 8— action for possession of realty — defense bond**

    Defense bond required by G.S. 1-111 is not an "appeal bond" but is a bond which can be required before defendant is allowed to plead to the complaint.

**3. Ejectment § 8—  action for possession of realty — failure to file defense bond — judgment for plaintiff**

When an answer has been filed in an action for possession of real property without the bond required by G.S. 1-111 and has remained on file without objection, it is improper for the trial judge to strike the answer and render judgment for plaintiff without notice to show cause or without giving defendant the opportunity to file a defense bond.

**4. Ejectment § 8—  action for possession of realty — failure to file defense bond — waiver of objection**

The requirement that defendant execute and file a defense bond in an action for possession of real property may be waived unless seasonably insisted upon by plaintiff.

APPEAL by defendant from *Abernathy, District Judge,* 28 November 1969 Session of MECKLENBURG County District Court.

This is a small claim action demanding summary ejectment which was assigned to L. Carl Cook, Magistrate. Complaint was filed on 28 October 1969, and answer was filed on 7 November 1969. On 10 November 1969, judgment was entered in favor of plaintiff. Defendant, in open court, gave notice of appeal for trial *de novo* in the district court and demanded trial by jury. The magistrate noted the appeal on the judgment and added thereto "appeal bond $100.00."

On 21 November 1969 plaintiff filed a motion in the district court asking that defendant's appeal be dismissed and the judgment of the magistrate be made final by reason of the failure of defendant to post the "required appeal bond," alleging that the time for posting such bond had expired. On 28 November 1969, Abernathy, District Judge, signed an order dismissing defendant's appeal, finding as of fact that the defendant had failed to post the "required appeal bond" and that the time for "perfecting the defendant's appeal has expired." The record on appeal is silent as to whether defendant had proper notice of the motion and hearing thereon. On 4 December 1969 defendant moved, in open court, to vacate the order signed by Judge Abernathy. From denial of this motion and the order dismissing her appeal to the district court, the defendant appeals.

*Cole and Chesson by Calvin W. Chesson for plaintiff appellees.*

*Gail Barber, Martin Miller and Thomas Wyche for defendant appellant.*

VAUGHN, J.

[1]  The defendant perfected her appeal to the district court when she gave notice of appeal in open court and the same was thereafter

noted in writing by the magistrate upon the judgment. G.S. 7A-228. *Porter v. Cahill,* 1 N.C. App. 579, 162 S.E. 2d 128. We find no authority for a magistrate to require an "appeal bond" as a condition precedent to an appeal from a judgment rendered by him.

[2-4]  It should be noted that we are not concerned here with the bond to suspend execution authorized by G.S. 42-34 which was required by the magistrate. Nor does the so-called "appeal bond" purport to be the defense bond required by G.S. 1-111. Such a bond is not an "appeal bond." It is a bond which could have been required before the defendant was allowed to plead to the complaint. Even in cases coming within the purview of G.S. 1-111, when an answer has been filed without any bond and has remained on file without objection, it would be improper for the trial judge to strike the answer and render judgment for plaintiff without notice to show cause or without giving the defendant the opportunity to file a defense bond. The requirement that the defendant must execute and file a defense bond may be waived, unless seasonably insisted upon by the plaintiff. *Gates v. McDonald,* 1 N.C. App. 587, 162 S.E. 2d 143. The judgment dismissing defendant's appeal is

Reversed.

MALLARD, C.J., and MORRIS, J., concur.