PRINCIPAL MUTUAL LIFE INSURANCE COMPANY, PLAINTIFF v. BURNUP
& SIMS, INC., DEFENDANT

No. 9326DC157

(Filed 19 April 1994)

**Appeal and Error § 249 (NCI4th)— summary ejectment—appeal
to district court—failure to pay costs—dismissal**

The trial court properly denied defendant's motion to
reinstate its appeal from the magistrate to district court where
plaintiff had initiated a summary ejectment action against de-
fendant in magistrate's court; judgment was entered against
defendant; defendant gave notice of appeal to district court;
and defendant's appeal was subsequently dismissed for failure
to pay costs of court to appeal within 20 days after entry
of judgment. An appeal is not perfected under N.C.G.S.
§ 7A-228(b) unless the costs of court to appeal have been paid
within 20 days after the entry of judgment; failure to pay
the costs within 20 days results in the automatic dismissal
of the appeal. Moreover, under N.C.G.S. § 7A-228, plaintiff
has the responsibility of ascertaining and paying the costs
of the appeal and the 20 day period begins to run the day
the judgment is entered.

Am Jur 2d, Appeal and Error §§ 323 et seq.; Justices
of the Peace §§ 112 et seq.

Appeal by defendant from order signed 4 November 1992 by
Judge Brent McKnight in Mecklenburg County District Court. Heard
in the Court of Appeals 3 January 1994.

Plaintiff initiated a summary ejectment action against de-
fendant in magistrate's court for possession of its premises. On
20 July 1992, judgment was entered against defendant. Defend-
ant gave oral notice of appeal to the district court for a hear-
ing *de novo*. Defendant gave written notice of appeal on 27 July
1992. On 12 August 1992, defendant's appeal was dismissed pur-
suant to G.S. 7A-228(b) for failure to pay costs of court to appeal
within 20 days after entry of judgment. Defendant's motion to
reinstate its appeal was denied by the district court. Defendant
appeals.

PRINCIPAL MUT. LIFE INS. CO. v. BURNUP & SIMS, INC.

[114 N.C. App. 494 (1994)]

*Justice & Eve, P.A., by R. Michael Eve, Jr., for plaintiff-appellee.*

*Robinson Maready Lawing & Comerford, by Jerry M. Smith, for defendant-appellant.*

EAGLES, Judge.

Defendant appeals the district court's denial of its motion to reinstate its appeal. We affirm.

Defendant's appeal from the summary ejectment proceeding was dismissed pursuant to G.S. 7A-228(b) because defendant failed to pay the costs of court to appeal within 20 days after the entry of judgment. G.S. 7A-228(b) provides that, "Failure to pay the costs of court to appeal within 20 days after entry of judgment shall result in the *automatic dismissal* of the appeal." (Emphasis added.) The statutory provisions regarding the costs of court to appeal are found in G.S. 7A-305.

Defendant contends that defendant's appeal should not have been dismissed under G.S. 7A-228 because defendant's counsel did not receive a bill of costs from the clerk of superior court. Defendant argues that it is the duty of the clerk of superior court to collect court costs in advance of appeal. Defendant relies on G.S. 7A-305 and this court's decision in *Porter v. Cahill*, 1 N.C. App. 579, 162 S.E.2d 128 (1968). We are not persuaded.

G.S. 7A-305(c) states that "The clerk of superior court, at the time of the filing of the papers initiating the action or the appeal, shall collect as advance court costs, the facilities fee and General Court of Justice fee . . . ." In *Cahill, supra,* the plaintiff appealed a decision of the magistrate to the district court and did not pay the $11 in advance court costs when he filed the appeal. Plaintiff's appeal was dismissed by the district court for plaintiff's failure to pay the advance court costs. This court held that the district court erred in dismissing plaintiff's appeal and stated:

> Under the provisions of G.S. § 7A-305(c), *supra,* it is clear that the duty of collecting the additional costs at the time of the filing of the papers initiating an appeal is imposed upon the Clerk. But a failure of the Clerk to perform his duty in this respect should not operate to prejudice the appealing party.

*Porter v. Cahill,* 1 N.C. App. 579, 581, 162 S.E.2d 128, 130 (1968).

We find *Cahill* distinguishable. The question presented in *Cahill* was whether the deposit of the $11 in court costs was necessary to perfect the appeal under G.S. 7A-228. *Id.* at 580, 162 S.E.2d at 130. At that time, G.S. 7A-228 did not require payment of the costs of appeal in order to perfect the appeal. G.S. 7A-228 at that time provided:

> Appeal is perfected by serving written notice thereof on all other parties and by filing written notice with the clerk of superior court within 10 days after entry and indexing of the judgment on the civil judgment docket. Notice of appeal may also be given orally in open court upon announcement of or rendition of the judgment, and shall thereupon be noted in writing by the magistrate upon the judgment.

In *Cahill*, this court noted that, "It is abundantly clear from the record that the plaintiff gave notice of appeal in open court before the magistrate, and that the magistrate duly noted the appeal upon the judgment. This complies with the provisions of G.S. § 7A-228." *Cahill v. Porter*, 1 N.C. App. 579, 581, 162 S.E.2d 128, 130 (1968). It is clear that our holding in *Cahill* was based on our interpretation of G.S. 7A-228 as it existed at that time.

Since *Cahill* was decided, G.S. 7A-228 has been amended. G.S. 7A-228(b) now provides that:

> (b) The appeal shall be perfected by (1) oral announcement of appeal in open court; or (2) by filing notice of appeal in the office of the clerk of superior court within 10 days after entry of judgment, pursuant to subsection (a) . . . . Failure to pay the costs of court to appeal within 20 days after entry of judgment shall result in the automatic dismissal of the appeal.

An appeal is not perfected under G.S. 7A-228(b) unless the costs of court to appeal have been paid within 20 days after the entry of judgment. Failure to pay the costs within 20 days results in the *automatic dismissal* of the appeal.

Although this court held in *Cahill* that it is the duty of the clerk of superior court to collect the costs of appeal, that case was decided before the effective date of the amendment to G.S. 7A-228 requiring the payment of the costs of appeal to perfect the appeal. It is the appellant's responsibility to perfect its appeal. The clerk of superior court has no duty to perfect an appellant's

appeal. Accordingly, we hold that under G.S. 7A-228, plaintiff has the responsibility of ascertaining and paying the costs of appeal.

Defendant also contends that the 20 day period in which appellant must pay costs of appeal does not begin to run until after the clerk of superior court has properly assessed the costs of court to appellant. This contention is without merit. The plain language of G.S. 7A-228 requires that costs of appeal be paid "within 20 days after entry of judgment." Accordingly, the 20 day period begins to run the day the judgment is entered.

For the reasons stated, we affirm the order of the district court denying defendant's motion to reinstate its appeal.

Affirmed.

Chief Judge ARNOLD and Judge WELLS concur.