RIVERVIEW MOBILE HOME PARK v. BRADSHAW

[119 N.C. App. 585 (1995)]

---

RIVERVIEW MOBILE HOME PARK, Plaintiff/Appellant v. ANNIE RUTH BRADSHAW AND OCCUPANTS, Defendants/Appellees

No. COA94-1313

(Filed 18 July 1995)

**1. Appeal and Error § 14 (NCI4th)— extension of time to pay filing fees—no authority of magistrate**

The magistrate did not have authority under N.C.G.S. § 1A-1, Rule 6(b) to extend the time for plaintiff to pay filing fees for an appeal from a small claims court to the district court since the

time limitation at issue was found in N.C.G.S. § 7A-228 rather than in the Rules of Civil Procedure.

**Am Jur 2d, Appellate Review §§ 347, 348.**

**2. Appeal and Error § 230 (NCI4th)— filing fee for appeal— failure of clerk to collect—appellant not excused**

Failure of the clerk of district court to collect those fees required by N.C.G.S. § 7A-228 for filing an appeal from small claims court does not operate to excuse appellant for failing to ascertain the requirement and fulfilling it.

**Am Jur 2d, Justices of the Peace §§ 2,3.**

Appeal by plaintiff from order entered 9 August 1994 by Judge L. W. Payne in Wake County District Court. Heard in the Court of Appeals 12 June 1995.

*Hunter Law Firm, by R. Christopher Hunter and Elizabeth K. Blake, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, a Professional Limited Liability Company, by Mark A. Davis, for defendant-appellees.*

McGEE, Judge.

On 2 February 1994 plaintiff filed a complaint in summary eject-ment seeking the eviction of defendants based on the allegation that they had failed to pay rent. Defendants filed an answer and counter-claims in which they contended the eviction was retaliatory and plaintiff practiced unfair and deceptive trade practices. A hearing on the matter was held on 14 February 1994 in Wake County Small Claims Court. Following the hearing, the magistrate issued a judg-ment dismissing plaintiff's summary ejectment action as being a retal-iatory eviction, and awarded defendants $3,000.00 in actual damages and $1,530.00 in attorney's fees.

On 24 February 1994 plaintiff gave notice of appeal to the District Court of Wake County. In so doing, plaintiff failed to pay the appeals fee as required by N.C. Gen. Stat. § 7A-228 (b) (1989). Accordingly, the appeal was automatically dismissed for failure to perfect the appeal. On or about 30 March 1994 plaintiff filed a motion in Wake County Small Claims Court seeking an order setting aside the entry of judg-ment pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b) (1990), on the grounds of surprise. In the alternative, plaintiff sought an order allow-

ing an extension of time within which to perfect the appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 6(b) (1990). In support of this motion, plaintiff cited *Porter v. Cahill*, 1 N.C. App. 579, 162 S.E.2d 128 (1968) wherein this Court held that notice of appeal from a small claims court was sufficient to perfect the appeal, and the appeal could not be dismissed for failure of the Clerk to perform his duty to collect fees. The magistrate denied plaintiff's motion pursuant to Rule 60(b), but granted plaintiff's motion for an extension of time within which to perfect the appeal, apparently relying on this Court's holding in *Cahill*.

Defendants filed a motion in Wake County District Court seeking to dismiss the appeal for failure to perfect within the time permitted by statute. By order dated 9 August 1994, the trial court dismissed the appeal, finding that the magistrate was without the authority to grant an extension of time to pay the appeals fee, therefore the appeal was not timely perfected. Plaintiff appeals the order dismissing the appeal.

The two issues raised on appeal are (1) whether the trial court erred in determining that the magistrate lacked the authority to extend the time in which to perfect the appeal; and (2) if so, whether plaintiff demonstrated excusable neglect sufficient to warrant the extension of time.

G.S. § 1A-1, Rule 6(b) provides the following:

(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order. Upon motion made after the expiration of the specified period, the judge may permit the act to be done where the failure to act was the result of excusable neglect.

[1] The trial court's discretionary authority to extend the time specified for doing any act contained in Rule 6(b) has been held to address "the computation of any time period prescribed by the Rules of Civil Procedure." *Lemons v. Old Hickory Council*, 322 N.C. 271, 275, 367 S.E.2d 655, 657, *reh'g denied*, 322 N.C. 610, 370 S.E.2d 247 (1988). *See also, Osborne v. Walton*, 110 N.C. App. 850, 431 S.E.2d 496 (1993). However, in the instant case the time limitation is not contained in the

Rules of Civil Procedure, but is found in G.S. § 7A-228. Accordingly, the magistrate did not have the authority under Rule 6(b) to extend the time for plaintiff to pay the filing fees, and the trial court did not err in so ruling.

[2] Even had the authority for enlargement in Rule 6(b) been properly applied, an extension of time allowed subsequent to the expiration of the specified period for action requires a showing of excusable neglect. G.S. § 1A-1, Rule 6(b). Plaintiff contends that its failure to pay the filing fees should be excused because counsel relied upon the statement of an anonymous Assistant Clerk of Court that no fee was required, and when the notice of appeal was filed with the Wake County Clerk's Office, no fee was assessed. This argument was recently addressed by this Court in *Principal Mut. Life Ins. Co. v. Burnup & Sims, Inc.*, 114 N.C. App. 494, 442 S.E.2d 85 (1994). In *Principal*, the defendant attempting to appeal the decision of a magistrate to the district court failed to pay the filing fees required under G.S. § 7A-228. On appeal, the defendant argued that the failure should be excused because the clerk of superior court failed to collect the court costs. This Court held that it is the responsibility of the appellant to perfect his appeal, including ascertaining and paying the costs of the appeal. The clerk of superior court has no duty to perfect an appellant's appeal. *Principal*, 114 at 496-97, 442 S.E.2d at 86.

The argument raised in the current appeal must fail for the same reason. The statute is clear and unambiguous in requiring the fees to be paid within twenty days of giving notice of appeal. The failure of the clerk of superior court to collect those fees does not operate to excuse the appellant for failing to ascertain the requirement and fulfilling it. Because there is no basis for finding excusable neglect for the failure to perfect the appeal, an extension of time granted on that ground must be overruled. Accordingly, we find no error by the trial court in its ruling.

For these reasons, we affirm the order of the trial court dismissing the appeal.

Affirmed.

Judges EAGLES and JOHN concur.