IN RE: ADVANCE AMERICA, CASH ADVANCE CENTERS OF
NORTH CAROLINA, INC.

No. COA06-1576

(Filed 4 March 2008)

**Banks and Banking— appeal from Bank Commission—
requirements**

Timely appeal from a Bank Commission final decision to the superior court required only written notice of appeal to the Commissioner of Banks within 20 days of the Commission's final decision. There is no dispute that Advance America did so here, and its appeal was timely.

Appeal by Advance America, Cash Advance Centers of North Carolina, Inc. from order entered 24 August 2006 by Judge J. B. Allen, Jr. in Wake County Superior Court. Heard in the Court of Appeals 22 August 2007.

*Womble Carlyle Sandridge & Rice, PLLC, by Johnny M. Loper, Donald C. Lampe, and Christopher W. Jones, for Advance America, Cash Advance Centers of North Carolina, Inc., Appellant.*

*Attorney General Roy Cooper, by L. McNeil Chestnut, Special Deputy Attorney General, and Philip A. Lehman, Assistant Attorney General, for the North Carolina State Banking Commission, Appellee.*

GEER, Judge.

Advance America, Cash Advance Centers of North Carolina, Inc. ("Advance America") appeals from the superior court's dismissal of its appeal from a final decision of the Banking Commission. Advance America argues that it fully complied with the statutory requirement for appeals from the Commission by submitting a notice of appeal to the Commissioner of Banks within 20 days of the order. The Banking Commission, however, asserts that Advance America was required to file a petition for judicial review in superior court within the 20-day deadline. Because the plain language of the statute does not include the requirements that the Commission seeks to impose, we agree with Advance America and reverse the order dismissing its appeal.

**IN RE ADVANCE AM.**

[189 N.C. App. 115 (2008)]

Facts

On 1 February 2005, the Consumer Finance Division of the Office of the Commissioner of Banks commenced a contested case against Advance America, alleging that the company was unlawfully engaging in the business of payday lending in violation of the Consumer Finance Act, N.C. Gen. Stat. § 53-164 *et seq.* (2005). After the parties conducted discovery, they submitted to the Commissioner stipulations of fact, written expert testimony, and documentary evidence. By agreement, no evidentiary hearing was held.

On 19 December 2005, the Commissioner first issued an order addressing the admissibility and confidentiality of certain evidence. Then, in an order dated 22 December 2005, the Commissioner addressed the merits of the case, concluding (1) federal law did not preempt the Consumer Finance Act, (2) Advance America was not exempt from the Consumer Finance Act, (3) Advance America had violated the Consumer Finance Act, and (4) the Attorney General and Commissioner of Banks were not estopped from enforcing the Consumer Finance Act against Advance America. The Commissioner ordered Advance America to "cease and desist from the further operation of its payday advance centers in North Carolina, to the extent that they make payday loans . . . ." This order also specified the procedure for appealing the order to the State Banking Commission pursuant to N.C. Gen. Stat. § 53-92(d) (2005).

On 27 December 2005, Advance America timely appealed the 19 and 22 December 2005 orders to the Banking Commission by submitting a written notice of appeal to the Commissioner. On 24 May 2006, the Commission issued a final agency decision affirming both orders. The decision contained no reference to the procedure for appealing the decision to superior court.

On 13 June 2006, Advance America delivered a notice of appeal to the Banking Commission stating that it was appealing the Commission's final agency decision pursuant to N.C. Gen. Stat. § 53-92(d). Advance America also filed a petition for judicial review with the Wake County Superior Court on 23 June 2006, explaining that although the company believed N.C. Gen. Stat. § 53-92(d) set forth the proper procedure for appealing an order of the Banking Commission, "out of an abundance of caution in ensuring its right to judicial review, [Advance America] files this Petition seeking judicial review of the Final Agency Decision pursuant to N.C. Gen. Stat. §§ 150B-45 and 150B-46."

**IN RE ADVANCE AM.**

[189 N.C. App. 115 (2008)]

On 28 June 2006, the Banking Commission moved to dismiss the petition for judicial review as being untimely filed. The trial court entered an order dismissing Advance America's appeal and petition for judicial review on 24 August 2006. The court stated:

1. The Banking Commission rendered a Final Agency Decision in this cause on 24 May 2006.

2. G.S. § 53-92(d) requires a party seeking to appeal from a final decision of the Banking Commission to appeal to Wake County Superior Court within 20 days.

3. [Advance America] did not file or otherwise notice an appeal with this Court until it filed a Petition for Judicial Review on 23 June 2006.

4. [Advance America's] appeal was not timely filed, and the Banking Commission's motion should be allowed.

Advance America timely appealed to this Court from that order.

### Discussion

Advance America contends that its appeal to superior court was timely because it complied with N.C. Gen. Stat. § 53-92(d) (2007), which provides:

(d) The Banking Commission is hereby vested with full power and authority to supervise, direct and review the exercise by the Commissioner of Banks of all powers, duties, and functions now vested in or exercised by the Commissioner of Banks under the banking laws of this State. Upon an appeal to the Banking Commission by any party from an order entered by the Commissioner of Banks following an administrative hearing pursuant to Article 3A of Chapter 150B of the General Statutes, the Administrative Procedure Act, the chairman of the Commission may appoint an appellate review panel of not less than five members to review the record on appeal, hear oral arguments, and make a recommended decision to the Commission. Unless another time period for appeals is provided by this Chapter, any party to an order by the Commissioner of Banks may, within 20 days after the order and upon written notice to the Commissioner, appeal the Commissioner's order to the Banking Commission for review. Upon notice of an appeal, the Commissioner of Banks shall, within 30 days of the notice, certify to the Commission the record on appeal. *Any party to a proceeding before the*

IN RE ADVANCE AM.

[189 N.C. App. 115 (2008)]

*Banking Commission may, within 20 days after final order of said Commission and by written notice to the Commissioner of Banks, appeal to the Superior Court of Wake County for a final determination of any question of law which may be involved.* The cause shall be entitled "State of North Carolina on Relation of the Banking Commission against (here insert name of appellant)." It shall be placed on the civil issue docket of such court and shall have precedence over other civil actions. In the event of an appeal the Commissioner shall certify the record to the Clerk of Superior Court of Wake County within 15 days thereafter.

(Emphasis added.) Advance America argues that the plain language of this statute requires a party, in order to appeal to superior court, only to give written notice to the Commissioner of Banks within 20 days of the final order of the Commission. We agree.

As our Supreme Court has emphasized, when construing a statute, "our primary task is to ensure that the purpose of the legislature, the legislative intent, is accomplished." *Elec. Supply Co. of Durham, Inc. v. Swain Elec. Co.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991). In performing this function, "[l]egislative purpose is first ascertained from the plain words of the statute." *Id. See also O & M Indus. v. Smith Eng'g Co.*, 360 N.C. 263, 267-68, 624 S.E.2d 345, 348 (2006) ("The first consideration in determining legislative intent is the words chosen by the legislature."). When the words are unambiguous, "they are to be given their plain and ordinary meanings." *Id.* at 268, 624 S.E.2d at 348.

The statute specifically sets forth the procedure for a party to follow when appealing an order of the Banking Commission. It provides that a party may appeal to the Wake County Superior Court "by written notice to the Commissioner of Banks" within 20 days of the final order. Once the party has appealed, the Commissioner must, within 15 days, certify the record to the clerk of court. The statute further specifies the caption to be used in the superior court and mandates that the appeal shall have precedence over all other civil cases on the court's docket.

There is no dispute that Advance America filed a written notice of appeal with the Commissioner of Banks within the 20-day limit. The Commission, however, argues that this action was not sufficient and that Advance America was required to file a petition for judicial review with the superior court within 20 days. According to the Commission, "[t]he statute requires a party to 'appeal to the Superior

Court of Wake County' *and* to provide written notice to the Commissioner within 20 days of the final order of the Commission." (Emphasis original; quoting N.C. Gen. Stat. § 53-92(d).) In other words, the Commission argues that the statute requires two filings: (1) an "appeal to Superior Court," with (2) separate written notice to the Commissioner.

Nothing in the statute, however, can be read as imposing a two-step filing requirement. The statute specifies: "Any party to a proceeding before the Banking Commission may, within 20 days after final order of said Commission *and by written notice to the Commissioner of Banks*, appeal to the Superior Court of Wake County . . . ." N.C. Gen. Stat. § 53-92(d) (emphasis added). The statute thus refers to only one filing by the appealing party and directs that this filing be made with the Commissioner of Banks.

The Commission glosses over the emphasized language, which states that the appeal shall be "by" written notice to the Commissioner rather than, as the Commission urges, "with" written notice. The ordinary meaning of the word "by" in this type of context is "through the means or instrumentality of." *Webster's Third New Int'l Dictionary* 307 (1968). Thus, using the plain and ordinary meaning of the words in § 53-92(d), the appeal to Wake County Superior Court shall be through the means or instrumentality of written notice to the Commissioner of Banks. *See State v. Webb*, 358 N.C. 92, 97, 591 S.E.2d 505, 511 (2004) (holding that "[t]he plain meaning of words" in a statute may be construed by reference to standard, non-legal dictionaries).

Moreover, the Commission is asking this Court to read the word "appeal" as referring to a document constituting an appeal. The Commission has, however, cited to no authority suggesting that the word "appeal" is ordinarily understood to be some type of document. Indeed, *Black's Law Dictionary* 105 (8th ed. 2004) (emphasis added) explains that the customary meaning of "appeal" is "[a] *proceeding* undertaken to have a decision reconsidered by a higher authority . . . ." *See Webb*, 358 N.C. at 97, 591 S.E.2d at 511 (holding that, in construing statute, "[w]here appropriate, including earlier in this opinion, this Court has consulted *Black's Law Dictionary*").

The procedure established by the plain language of N.C. Gen. Stat. § 53-92(d) is hardly unusual. All appeals to this Court are commenced by the filing of a notice of appeal in the forum rendering the decision being appealed. *See* N.C.R. App. P. 3(a) ("Any party entitled

by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties within the time prescribed by subdivision (c) of this rule."); N.C.R. App. P. 4(a) (providing that in criminal actions, any party entitled to appeal may do so by giving oral notice of appeal at trial or "filing notice of appeal with the clerk of superior court"); N.C.R. App. P. 18(a) (providing that appeals of right from administrative agencies, boards, or commissions to appellate division "shall be in accordance with the procedures provided in these rules for appeals of right from the courts of the trial divisions"). While other procedures exist for pursuing appellate review in other contexts, we cannot dismiss § 53-92(d)'s plain language as contrary to the General Assembly's intent when it comports with one form of established appellate procedure.

The Commission, however, argues that the statute should be construed *in pari materia* with the Administrative Procedure Act, N.C. Gen. Stat. §§ 150B-1 *et seq.* (2007) ("APA"). More specifically, the Commission asserts that § 53-92(d) should be read jointly with the APA to require the filing of a petition for judicial review in superior court (pursuant to N.C. Gen. Stat. § 150B-45) within 20 days of the order (pursuant to N.C. Gen. Stat. § 53-92(d)).[1]

While "[i]t is true . . . that when statutes deal with the same subject matter, they must be construed *in pari materia* and harmonized to give effect to each, . . . [w]hen, however, the section dealing with a specific matter is clear and understandable on its face, it requires no construction." *State ex rel. Utils. Comm'n v. Lumbee River Elec. Membership Corp.*, 275 N.C. 250, 260, 166 S.E.2d 663, 670 (1969) (internal quotation marks omitted). As our Supreme Court has stressed, "[i]n such case, the Court is without power to interpolate or superimpose conditions and limitations which the statutory exception does not of itself contain." *Id.*, 166 S.E.2d at 670-71 (internal quotation marks omitted). Since N.C. Gen. Stat. § 53-92(d) is unambiguous, we cannot, under *Lumbee River Elec. Membership Corp.*, add conditions—such as the filing of a petition for judicial review—not contained in § 53-92(d) itself.

Even if the statute were ambiguous, the Commission is not asking that we *construe* the statute *in pari materia* with the APA,

---

1. The APA requires that the petition for judicial review be filed *within 30 days* of service of a written copy of the decision for which review is sought. N.C. Gen. Stat. § 150B-45(a).

but rather is urging that we apply both the APA and N.C. Gen. Stat. § 53-92(d) to appeals from the Banking Commission. Such an approach cannot be reconciled with the APA itself.

N.C. Gen. Stat. § 150B-43 provides: "Any person who is aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of the decision under this Article, *unless adequate procedure for judicial review is provided by another statute, in which case the review shall be under such other statute.*" (Emphasis added.) If the procedure in N.C. Gen. Stat. § 53-92(d) is adequate within the meaning of § 150B-43, then review shall be under § 53-92(d), and the provisions of the APA are immaterial. On the other hand, if the procedure under § 53-92(d) is deemed inadequate, then Advance America would be "entitled to judicial review of the decision under [the APA]." N.C. Gen. Stat. § 150B-43. Because of the terms of § 150B-43, we cannot accept the Commission's suggestion that we incorporate the procedures and requirements of the APA into § 53-92(d).

We further note that the Commission asserts, citing *Young v. Roberts*, 252 N.C. 9, 17, 112 S.E.2d 758, 765 (1960), that our Supreme Court has already concluded that N.C. Gen. Stat. § 53-92 provides an adequate procedure for judicial review of the Commission's decisions and, therefore, in the Commission's own words, "provide[s] the mandatory process for review of the Commissioner's decision." Since the procedure under N.C. Gen. Stat. § 53-92(d) is adequate, its provisions—and not the provisions of the APA—control this appeal. N.C. Gen. Stat. § 53-92(d) contains no requirement of the filing of a petition for judicial review within 20 days with the superior court, and we are not free to borrow such a requirement from the APA.[2]

The Commission, however, also claims that it has been the practice customarily followed by parties to Commission proceedings to file a petition for judicial review in superior court within 20 days together with written notice to the Commission. It urges that this practice should control. As this Court recently stressed, however, the plain meaning of a statute " 'may not be evaded by an administrative body or a court under the guise of construction.' " *Navistar Fin.*

2. We observe that, if the APA permitted it, it would be more reasonable to read the two statutes in conjunction to require a notice of appeal within 20 days and a petition for judicial review within 30 days rather than selectively importing provisions from the APA into § 53-92(d). Significantly, if we were to adopt such an approach, Advance America's appeal also would be timely.

*Corp. v. Tolson*, 176 N.C. App. 217, 221, 625 S.E.2d 852, 855 (quoting *State ex rel. Utils. Comm'n v. Edmisten*, 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977)), *appeal dismissed and disc. review denied*, 360 N.C. 482, 632 S.E.2d 176 (2006). We cannot look at custom or practice when the statute is unambiguous and clear.

Finally, the Commission argues hyperbolically that this approach would require "the Commissioner to perfect [Advance America's] appeal by carrying [Advance America's] notice of appeal to the courthouse, drafting and filing a petition for judicial review of his own order, and paying the filing fee for [Advance America's] benefit." To the contrary, no one is required to file a petition for judicial review.

Based on the language of § 53-92(d), once the Commissioner receives the notice of appeal from the appealing party, he or she has 15 days to certify the record to the Clerk of Superior Court of Wake County. Once that certification is received, the matter "shall be placed on the civil issue docket of such court and shall have precedence over other civil actions." N.C. Gen. Stat. § 53-92(d). With respect to the filing fee, that amount can be assessed and collected from Advance America by the Wake County Clerk of Superior Court. *Compare Porter v. Cahill*, 1 N.C. App. 579, 581, 162 S.E.2d 128, 130 (1968) (holding that when plaintiff gave notice of appeal in open court, as required by statute, it was duty of clerk to place action on civil issue docket regardless of payment of filing fees; if filing fees not subsequently paid by plaintiff, defendant-appellee could make motion for notice to appellant to pay fees or suffer dismissal of appeal) *with Principal Mut. Life Ins. Co. v. Burnup & Sims, Inc.*, 114 N.C. App. 494, 496, 442 S.E.2d 85, 86 (1994) (holding that appeal was properly dismissed when plaintiff failed to pay costs to appeal within 20 days of judgment as required by N.C. Gen. Stat. § 7A-228(b)).

In any event, even if the statute's plain language—added in 1953, 1953 N.C. Sess. Laws ch. 1209, sec. 5—gives rise to some procedural problems, we do not have authority to rewrite that statute. As our Supreme Court has emphasized: "The duty of a court is to construe a statute as it is written. It is not the duty of a court to determine whether the legislation is wise or unwise, appropriate or inappropriate, or necessary or unnecessary." *Campbell v. First Baptist Church of the City of Durham*, 298 N.C. 476, 482, 259 S.E.2d 558, 563 (1979); *see also Ferguson v. Riddle*, 233 N.C. 54, 57, 62 S.E.2d 525, 528 (1950) (holding that when statute is clear, "[w]e have no power to add to or subtract from the language of the statute").

**RUIZ v. MECKLENBURG UTILS., INC.**

[189 N.C. App. 123 (2008)]

Therefore, based on the plain language of N.C. Gen. Stat. § 53-92(d), we hold that in order to timely appeal the Commission's final agency decision, Advance America was required to give written notice of appeal to the Commissioner of Banks within 20 days of the Commission's final decision. Since there is no dispute that Advance America did so, its appeal was timely, and we must reverse the trial court's order dismissing Advance America's appeal.

In conclusion, we observe that it may be time for the General Assembly to review this 50-year-old language. The legislature may conclude that additional provisions are necessary in light of current court practices. *See, e.g.*, N.C. Gen. Stat. §§ 90-14.8, -14.9 (2007) (providing that physician may appeal from Medical Board decision to revoke or suspend license by filing notice of appeal with secretary of Board within 20 days, but further providing that "person seeking the review shall file with the clerk of the reviewing court a copy of the notice of appeal and an appeal bond of two hundred dollars ($200.00) at the same time the notice of appeal is filed with the Board"). Until any amendment, however, the statute must be enforced as written.

Reversed.

Judges CALABRIA and JACKSON concur.