CINCINNATI THERMAL SPRAY, INC., PLAINTIFF v. PENDER COUNTY, DEFENDANT

No. 905SC324

(Filed 15 January 1991)

1. **Counties § 52 (NCI4th)— promise of cooperation in constructing water and sewer facilities—no breach of contract**

    A complaint alleging that Pender County breached an oral contract to cooperate with plaintiff in the provision of adequate water and sewer systems for plaintiff's proposed facility failed to state a claim upon which relief could be granted because plaintiff was unable to show compliance with N.C.G.S. § 159-28(a), which requires a certificate of compliance authorizing construction of water and sewer facilities.

    **Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 494, 496, 497.**

**2. Counties § 36 (NCI4th) — fraudulent representations by agent of county — county not liable**

A complaint alleging that an agent of defendant made certain factual representations to plaintiff which were false when made and known to be false when made was properly dismissed for failure to state a claim upon which relief could be granted because there is no authority for the proposition that a county is liable for fraud because of the actions of its employees.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 495, 501.**

APPEAL by plaintiff from order entered 4 December 1989 by *Judge Ernest B. Fullwood* in PENDER County Superior Court. Heard in the Court of Appeals 23 October 1990.

*Burney, Burney, Barefoot & Bain, by Mary Elizabeth Wertz, for plaintiff appellant.*

*Womble Carlyle Sandridge & Rice, by Johnny M. Loper and David R. Guin, for defendant appellee.*

COZORT, Judge.

Cincinnati Thermal Spray, Inc., filed suit against Pender County alleging breach of contract and fraudulent misrepresentation stemming from plaintiff's purchase and development of property in Pender County. Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. The trial court dismissed plaintiff's complaint.

Plaintiff appeals to this Court asserting that the allegations of its claim based on breach of contract and its claim based on fraud and misrepresentation are sufficient to state a claim upon which relief may be granted. We affirm.

Our review of the trial court's dismissal of plaintiff's complaint is to determine whether the pleading was legally sufficient. *Alltop v. J.C. Penney Co.*, 10 N.C. App. 692, 179 S.E.2d 885, *cert. denied*, 279 N.C. 348, 182 S.E.2d 580 (1971). The issue is whether the complaint, when liberally construed, states a claim upon which relief can be granted on any theory. *Brewer v. Hatcher*, 52 N.C. App. 601, 279 S.E.2d 69 (1981).

CINCINNATI THERMAL SPRAY, INC. v. PENDER COUNTY

[101 N.C. App. 405 (1991)]

In considering a motion to dismiss, the allegations in plaintiff's complaint are treated as true. *Stanback v. Stanback*, 297 N.C. 181, 254 S.E.2d 611 (1979). Plaintiff alleges that defendant, through its agent and employee, Cathy Bryan, entered into an oral agreement wherein defendant agreed to cooperate with plaintiff in the provision of adequate water and sewer systems for plaintiff's proposed facility. Plaintiff alleges that it agreed to purchase the property in Pender County because of defendant's promise to cooperate with plaintiff in construction of adequate water and sewer facilities. Plaintiff claims that by reason of defendant's failure to perform as agreed, plaintiff has sustained damages in excess of $40,000.

Second, plaintiff claims that Ms. Bryan in her capacity as employee of defendant represented to plaintiff:

(1) That a permit existed to allow use of the existing septic system on the above described property for twenty-five (25) employees;

(2) That money had been appropriated by the Pender County Board of Commissioners for a water and sewer system which would be in place within twelve months.

In its complaint, Cincinnati Thermal contends these representations were known to be false when made and that they were made to induce plaintiff to purchase the property in Pender County. Plaintiff alleges that, as a result of these misrepresentations made by the defendant, plaintiff has been defrauded and damaged in an amount in excess of $40,000.

[1] In its answer, defendant contends that no valid contract was formed as a result of the discussions between plaintiff and Ms. Bryan since the Pender County Board of Commissioners took no official action authorizing the alleged representations made by Ms. Bryan. We agree.

N.C. Gen. Stat. § 159-28(a) sets forth the requirements and obligations that must be met before a county may incur contractual obligations. N.C. Gen. Stat. § 159-28(a) in pertinent part reads:

No obligation may be incurred in a program, function, or activity accounted for in a fund included in the budget ordinance unless the budget ordinance includes an appropriation authorizing the obligation and an unencumbered balance remains in the appropriation sufficient to pay in the current fiscal year

the sums obligated by the transaction for the current fiscal year. No obligation may be incurred for a capital project or a grant project authorized by a project ordinance unless that project ordinance includes an appropriation authorizing the obligation and an unencumbered balance remains in the appropriation sufficient to pay the sums obligated by the transaction. If an obligation is evidenced by a contract or agreement requiring the payment of money or by a purchase order for supplies and materials, the contract, agreement, or purchase order shall include on its face a certificate stating that the instrument has been preaudited to assure compliance with this subsection. The certificate, which shall be signed by the finance officer or any deputy finance officer approved for this purpose by the governing board, shall take substantially the following form:

> "This instrument has been preaudited in the manner required by the Local Government Budget and Fiscal Control Act.

> _____
> (Signature of finance officer)."

Plaintiff has made no showing that such a certificate of compliance authorizing construction of water and sewer facilities exists. Further, defendant argues that none exists.

> Dismissal of a complaint is proper . . . when one or more of the following three conditions is satisfied: (1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face the absence of fact sufficient to make a good claim; (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim.

_Oates v. JAG, Inc._, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985) (citations omitted). Therefore, we hold that plaintiff's first claim for relief fails because plaintiff is unable to show that N.C. Gen. Stat. § 159-28(a) has been followed.

[2] Plaintiff's second claim for relief alleges that Ms. Bryan, as agent of defendant, made certain factual representations to plaintiff which were false when made and known to be false when made. Plaintiff has cited no authority for the proposition that a county is liable for fraud because of the actions of its employees, and

we are aware of none. Thus, we hold that the trial court did not err in concluding that plaintiff's second claim for relief also fails.

Affirmed.

Judges WELLS and LEWIS concur.