L&S LEASING, INC., PLAINTIFF v. CITY OF WINSTON-SALEM, DEFENDANT

No. COA95-761

(Filed 4 June 1996)

### 1. Trial § 70 (NCI4th)— summary judgment—unpleaded affirmative defenses

The trial court did not err by granting summary judgment for defendant in an action in which plaintiff alleged a breach of contract to buy property, defendant denied the existence of a contract, and plaintiff contends on appeal that defendant improperly raised affirmative defenses for the first time at the summary judgment hearing. Defendant raised these issues in its answer by denying the existence of a contract between the parties; however, even if the defenses should have been affirmatively stated in the answer, it has been held that the nature of summary judgment and liberal pleading rules require that unpleaded affirmative defenses be deemed part of the pleadings where such defenses are raised in a hearing on a motion for summary judgment.

**Am Jur 2d, Summary Judgment §§ 32 et seq.**

### 2. Municipal Corporations § 208 (NCI4th)— contract to purchase land—authority to sign—preaudit certificate

In an action alleging breach of a contract to purchase land, the city official who signed the contract to purchase land was not vested with actual authority to bind the city to a contract, and plaintiff was charged with notice of all limitations upon the authority of the official to enter into a contract which bound the city because the scope of such authority is a matter of public record, so that plaintiff may not rely upon estoppel. Furthermore, even if the official had authority to bind the city, the contract is invalid and unenforceable by virtue of N.C.G.S. § 159-28(a), which sets forth some of the requirements and obligations that must be met before a city may incur contractual obligations, including a preaudit certificate. Plaintiff has failed to show that such a certificate of compliance authorizing the alleged contract exists and none is evidenced in the record.

**Am Jur 2d, Housing Laws and Urban Redevelopment § 22.**

Appeal by plaintiff from order entered 14 February 1995 by Judge W. Russell Duke, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 20 March 1996.

*Kluttz, Reamer, Blankenship & Hayes, L.L.P., by Glenn S. Hayes, for plaintiff appellee.*

*Wolfe and Collins, P.A., by John G. Wolfe, III, and George M. Cleland, IV; and Assistant City Attorneys Charles C. Green, Jr., and Lynda S. Abramovitz, for defendant appellee.*

SMITH, Judge.

Plaintiff L&S Leasing, Inc., filed this action against defendant City of Winston-Salem on 16 May 1994 alleging "breach of contractual obligations." Defendant, in its answer, denied the existence of a contract. Summary judgment was granted in defendant's favor on 14 February 1995. Plaintiff appeals.

In its sole assignment of error, plaintiff contends the trial court erred by granting defendant's summary judgment motion on the ground that defendant improperly raised affirmative defenses for the first time at the summary judgment hearing. Those defenses were an employee's lack of actual or apparent authority to bind the municipality to the alleged contract, violation of city purchasing ordinances and N.C. Gen. Stat. § 159-28(a), which defendant maintains voided any obligations to plaintiff. After review of the record and briefs, we hold that defendant was entitled to judgment as a matter of law and therefore affirm the order of the trial court.

The relevant facts of this case are as follows: In 1992, the Winston-Salem/Forsyth County City/County Utility Commission ("CCUC"), a joint agency of the City of Winston-Salem and the County of Forsyth, began looking for tracts of property that could be utilized as a construction and demolition landfill. The CCUC staff became aware of plaintiff's tract of land and considered the site as a potential landfill. On 30 April 1993, a document entitled "Offer to Purchase and Contract" was executed by William B. Lawson, President of plaintiff, and by John F. Cockerham, defendant's real estate supervisor. In the document, the City of Winston-Salem offers to purchase and L&S Leasing, upon acceptance, agrees to sell a tract of land. However, the offer to purchase is explicitly contingent upon terms included in an addendum attached to the agreement. The addendum contains the following language:

**L & S LEASING, INC. v. CITY OF WINSTON-SALEM**

[122 N.C. App. 619 (1996)]

Purchase is contingent upon approval of City County Utilities Commission and upon the receipt by the buyer of an E.P.A. Report on the site satisfactory to the buyers. . . . Closing to occur by or before thirty days from the receipt of satisfactory E.P.A. report by the buyers and/or Utilities Commission approval and/or buyer[']s receipt of survey, which ever occurs last.

Following EPA testing of the site, CCUC rejected the L&S Leasing site in an 11 April 1994 resolution. In May 1994, L&S Leasing initiated this action.

[1] Plaintiff contends the trial court erred in granting defendant's motion for summary judgment on the ground that defendant improperly raised affirmative defenses for the first time at the summary judgment hearing. A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue of material fact for trial and that the moving party is entitled to judgment as a matter of law. In passing upon a motion for summary judgment, the court must view the evidence presented by both parties in the light most favorable to the nonmoving party. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990); *Davis v. Town of Southern Pines*, 116 N.C. App. 663, 665, 449 S.E.2d 240, 242 (1994), *disc. review denied*, 339 N.C. 737, 454 S.E.2d 648 (1995). We hold that there was never a binding contract between the parties in this case. Summary judgment was properly entered and defendant is entitled to judgment as a matter of law.

The defenses raised by defendant at the summary judgment hearing were lack of apparent or actual authority of Mr. Cockerham to bind the city to the alleged contract and violation of N.C. Gen. Stat. § 159-28(a). Defendant raised those issues in its answer by denying the existence of a contract between the parties. However, even if the defenses should have been affirmatively stated in defendant's answer, this Court has held that "the nature of summary judgment procedure (G.S. 1A-1, Rule 56), coupled with our generally liberal rules relating to amendment of pleadings, require that unpleaded affirmative defenses be deemed part of the pleadings where such defenses are raised in a hearing on motion for summary judgment." *Cooke v. Cooke*, 34 N.C. App. 124, 125, 237 S.E.2d 323, 324, *disc. review denied*, 293 N.C. 740, 241 S.E.2d 513 (1977) (citation omitted). Thus, the trial court properly considered the defenses raised by defendant at the summary judgment hearing.

**[2]** Mr. Cockerham, the Real Estate Supervisor for the City of Winston-Salem, and William Lawson, President of L&S Leasing, signed the "Offer to Purchase and Contract." Mr. Cockerham was not vested with actual authority to bind the city or CCUC to a contract. Article I, § 2-2 of the Winston-Salem Code provides in pertinent part:

**Purchasing agent to buy all supplies and make all contracts; exceptions.**

(a) It shall be unlawful for any employee of the city, except the authorized purchasing agent, to . . . make any contracts of any nature in the name of the city, unless upon the resolution of the board of aldermen.

Winston-Salem Code § 2-2 (1953). Mr. Cockerham is not the city purchasing agent, nor did the Board of Aldermen vest Mr. Cockerham with actual authority to execute the land purchase contract.

Furthermore, " '[t]he law holds those dealing [with a City] to a knowledge of the extent of the power . . . and of any restrictions imposed . . . [P]ersons dealing with a municipal corporation are charged with notice of all limitations upon the authority of its officers representing them . . .' " *Moody v. Transylvania County*, 271 N.C. 384, 389, 56 S.E.2d 716, 720 (1967) (quoting 38 Am. Jur., Municipal Corporations, § 522, pp. 203-04). This is because the scope of such authority is a matter of public record. *Rowe v. Franklin County*, 318 N.C. 344, 351 n.1, 349 S.E.2d 65, 69 (1986) (citations omitted). Applying this rule to the instant case, L&S Leasing was charged with notice of all limitations upon the authority of Mr. Cockerham to enter into a contract which bound the city. L&S Leasing may not rely upon an estoppel defense against the city or CCUC based upon Mr. Cockerham's apparent authority.

Furthermore, even if Mr. Cockerham had authority to bind the city, the alleged contract is invalid and unenforceable by virtue of N.C. Gen. Stat. § 159-28(a) (1994). N.C. Gen. Stat. § 159-28(a) sets forth some of the requirements and obligations that must be met before a city may incur contractual obligations. The statute provides in pertinent part:

If [a municipal] obligation is evidenced by a contract or agreement requiring the payment of money or by a purchase order for supplies and materials, the contract, agreement, or purchase order shall include on its face a certificate stating that the instrument has been preaudited to assure compliance with this subsec-

tion. The certificate, which shall be signed by the finance officer or any deputy finance officer approved for this purpose by the governing board, shall take substantially the following form:

> "This instrument has been preaudited in the manner required by the Local Government Budget and Fiscal Control Act.

> _____
> (Signature of finance officer.)"

\* \* \* \*

*An obligation incurred in violation of this subsection is invalid and may not be enforced.*

N.C. Gen. Stat. § 159-28(a) (emphasis added.) *See Cincinnati Thermal Spray, Inc. v. Pender County*, 101 N.C. App. 405, 399 S.E.2d 758 (1991). Plaintiff has failed to show that such a certificate of compliance authorizing the alleged contract with L&S Leasing exists and none is evidenced in the record. Therefore, we hold that plaintiff's contractual claim against CCUC, a joint city/county entity, fails because N.C. Gen. Stat. § 159-28(a) has not been followed.

For the reasons stated herein, the order granting defendant's motion for summary judgment is

Affirmed.

Judges GREENE and LEWIS concur.