CABARRUS COUNTY, Plaintiff v. SYSTEL BUSINESS EQUIPMENT COMPANY, INC., Defendant

No. COA04-1221

(Filed 5 July 2005)

**Counties— preaudit certificate—settlement agreement**

Any county obligation evidenced by an agreement to pay money shall include a preaudit certificate signed by a finance officer. An agreement settling a dispute concerning rented copier equipment was not valid because it did not include the required certificate. N.C.G.S. § 159-28(a).

Appeal by Plaintiff from order entered 27 April 2004 by Judge W. David Lee in Superior Court, Cabarrus County. Heard in the Court of Appeals 10 May 2005.

*Hartsell & Williams, P.A., by Fletcher L. Hartsell, Jr. and Christy E. Wilhelm, for plaintiff-appellant.*

*Poyner & Spruill, LLP, by E. Fitzgerald Parnell, III and Cynthia L. Van Horne, for defendant-appellee.*

WYNN, Judge.

Under North Carolina law, any county obligation evidenced by an agreement to pay money shall include a preaudit certificate signed by a finance officer. N.C. Gen. Stat. § 159-28(a) (2004). In this appeal, Plaintiff Cabarrus County contends that a settlement agreement between itself and Defendant Systel Business Equipment Company, Inc., which did not include a signed preaudit certificate, was invalid. Because the settlement agreement failed to meet the statutory requirements, we hold that the agreement was unenforceable. Accordingly, we reverse the trial court's ruling.

The record reflects that in December 1999, Cabarrus County issued a request for proposed bids from companies for photocopier services. The Board of County Commissioners voted on 18 January 2000 to award the contract to Systel. On 18 July 2000, a Cabarrus County manager executed an Equipment Rental Agreement.

On 17 April 2001, Cabarrus County notified Systel that it was not renewing the copier contract as outlined in the Equipment Rental Agreement and requested that Systel remove its equipment from Cabarrus County's offices. Systel failed to remove its equipment, claiming that Cabarrus County remained obligated to use Systel's services under the Equipment Rental Agreement. Cabarrus County argued that the Equipment Rental Agreement could not be enforced because, *inter alia*, it did not include a preaudit certificate as required by statute.

On 26 July 2001, Cabarrus County filed an action in Superior Court, Cabarrus County to, *inter alia*, determine the validity of, and the rights of the parties under, the Equipment Rental Agreement. Systel filed a counterclaim for breach of contract on 8 October 2001. Systel and Cabarrus County participated in formal and informal mediation of their dispute. In February 2003, Systel presented a proposed settlement agreement, the terms of which required Cabarrus County to, *inter alia*, pay Systel the sum of $43,390.00, which was reduced to $21,695.00, and sign a new Equipment Lease Agreement allowing Systel to provide photocopier equipment and services to Cabarrus County for a sixty-four month period. Cabarrus County Attorney Fletcher L. Hartsell, Jr. presented the proposed settlement agreement to the Board of County Commissioners during its 20 October 2003 meeting. The Board of County Commissioners voted to approve the proposed settlement agreement and authorized the County Manager to execute the settlement agreement documents on behalf of Cabarrus County and to prepare a budget amendment. On 21

October 2003, Mr. Hartsell reported to Systel that the Board of County Commissioners voted to approve the proposed settlement agreement. At its meeting on 27 October 2003, the Board of County Commissioners discussed the settlement agreement again, voted to rescind its approval of the settlement agreement, and directed the County Manager to continue settlement negotiations with Systel.

Systel filed a motion to enforce the settlement agreement, which the trial court granted in an order entered 27 April 2004. The trial court concluded that the settlement agreement was valid and binding upon Cabarrus County, and Cabarrus County appealed.

On appeal, Cabarrus County argues that the trial court erred in concluding that a settlement agreement between itself and Systel was valid and binding despite the absence of a completed preaudit certificate. We agree.

A settlement agreement is interpreted according to general principles of contract law, and since contract interpretation is a question of law, the standard of review on appeal is *de novo. Chappell v. Roth*, 353 N.C. 690, 692, 548 S.E.2d 499, 500 (2001); *Harris v. Ray Johnson Constr. Co., Inc.*, 139 N.C. App. 827, 829, 534 S.E.2d 653, 654 (2000).

North Carolina General Statutes section 159-28(a), a part of the Local Government Budget and Fiscal Control Act, states:

If an obligation is evidenced by a contract or agreement requiring the payment of money or by a purchase order for supplies and materials, the contract, agreement, or purchase order shall include on its face a certificate stating that the instrument has been preaudited to assure compliance with this subsection. The certificate, which shall be signed by the finance officer or any deputy finance officer approved for this purpose by the governing board, shall take substantially the following form:

"This instrument has been preaudited in the manner required by the Local Government Budget and Fiscal Control Act.

_____
(Signature of finance officer)."

"Where a plaintiff fails to show that the requirements of N.C. Gen. Stat. § 159-28(a) have been met, there is no valid contract, and any claim by plaintiff based upon such contract must fail." *Data Gen. Corp. v. County of Durham*, 143 N.C. App. 97, 103, 545 S.E.2d 243,

247 (2001) (citing *Cincinnati Thermal Spray, Inc. v. Pender County*, 101 N.C. App. 405, 408, 399 S.E.2d 758, 759 (1991)); *see also L&S Leasing, Inc. v. City of Winston-Salem*, 122 N.C. App. 619, 622-23, 471 S.E.2d 118, 121 (1996) ("[T]he alleged contract is invalid and unenforceable by virtue of N.C. Gen. Stat. § 159-28(a)" because "Plaintiff has failed to show that such a certificate" existed.).

In the case *sub judice*, the settlement agreement contained a preaudit certificate that was never executed by Cabarrus County: No finance officer signed the certificate. The requirements of North Carolina General Statutes section 159-28(a) were therefore not met and thus "there is no valid contract, and any claim . . . based upon such contract must fail." *Data Gen. Corp.*, 143 N.C. App. at 103, 545 S.E.2d at 247.

Nonetheless, Systel cites *Lee v. Wake County*, 165 N.C. App. 154, 598 S.E.2d 427, *disc. review denied*, 359 N.C. 190, 607 S.E.2d 275 (2004), to support its argument that the lack of a signed preaudit certificate does not render the settlement agreement invalid and unenforceable. In *Lee*, this Court held that "an otherwise valid memorandum of agreement is not rendered void by the fact it does not bear the requisite pre-audit certificate." *Id.* at 162, 598 S.E.2d at 433. The crucial difference, however, between *Lee* and this case is that in *Lee*, "the subject memorandum of agreement [was] an agreement to prepare a formalized settlement compromise agreement for the [Industrial] Commission's consideration[,]" and therefore the action on appeal was "for specific performance, not for the payment of money." *Id.* Here, in contrast, the settlement agreement, which the trial court ordered enforced, required Cabarrus County to pay Systel the sum of $21,695.00. The payment of the $21,695.00 was neither conditional nor contingent but mandatory under the settlement agreement. The settlement agreement here therefore was "for the payment of money" and *Lee* is therefore inapplicable.

Systel further argues that North Carolina General Statutes section 159-28(a) does not apply because the monetary obligations under the settlement agreement were to be incurred in fiscal years subsequent to the parties' contracting to the settlement agreement. Systel did not, however, (cross-)assign error to the trial court's conclusions indicating that the settlement agreement became binding only as of the Board of County Commissioners' 20 October 2003 vote to approve the settlement agreement and the communication of such approval to Systel, and that payment of at least some of the obligations under the agreement would come due in fiscal year 2003. Moreover, as Systel

**IN RE R.A.H.**

[171 N.C. App. 427 (2005)]

concedes, the settlement agreement set no timeline for payment of the $21,695.00 (while the settlement agreement indicated that obligations under the lease agreement would come due first in July 2004). Payment of the $21,695.00 would therefore appear to be due immediately under the settlement agreement, and Systel's contention that "it is at least arguable that the payment obligation [regarding the $21,695.00] was not due until the Lease obligations began on July 1, 2004" is thus unconvincing.

Systel cites *Media Gen. Broad. of S.C. Holdings, Inc. v. Pappas Telecasting of the Carolinas,* 152 F. Supp. 2d 865 (W.D.N.C. 2001), and states that "[w]here a contract contains an express and unambiguous severability provision, the Court may strike an unenforceable provision from the otherwise enforceable agreement and give effect to all remaining terms." Systel fails, however, to argue that the settlement agreement at issue here includes an express severability provision— and for good reason, as the settlement agreement before this Court does not contain such a provision.

In sum, we find that the settlement agreement required Cabarrus County to pay Systel money and was thus subject to North Carolina General Statutes section 159-28(a). The agreement, however, lacked a preaudit certificate signed by a Cabarrus County finance officer. The settlement agreement therefore failed to meet North Carolina General Statutes section 159-28(a)'s requirements, and, as a consequence, the settlement agreement is unenforceable. We therefore reverse the trial court's order enforcing the settlement agreement.

Reversed.

Judges BRYANT and JACKSON concur.