TRANSPORTATION SERVICES OF NORTH CAROLINA, INC. D/B/A CRYSTAL TRANS-
PORTATION, PLAINTIFF v. WAKE COUNTY BOARD OF EDUCATION, KATHRYN
WATSON QUIGG, AND WILLIAM R. McNEAL, DEFENDANTS

No. COA08-664

(Filed 4 August 2009)

**1. Schools and Education— breach of contract—lack of pre-audit certificate**

The trial court erred by denying defendant Board of Education's motion to dismiss an action for breach of a contract to provide transportation for special needs students based on the lack of a preaudit certificate required by N.C.G.S. § 115C-441(a) because: (1) the lack of a preaudit certificate renders a contract invalid and unenforceable under N.C.G.S. § 159-28(a) (2007), a statute essentially identical to N.C.G.S. § 115C-441(a), but applicable to local governments rather than school boards; (2) the 2002 contract, attached to the complaint, was an obligation evidenced by a contract requiring the payment of money and therefore fell within the scope of the plain language of N.C.G.S. § 115C-441(a); (3) there was nothing in the statute excluding contracts for school transportation from its reach; (4) to the extent that plaintiff questioned the practicability of the preaudit certificate requirement, those concerns are more properly addressed by the legislature; and (5) in the absence of an allegation as to the existence of a certificate attached to the contract, the contract is, necessarily, void.

**2. Schools and Education; Estoppel— breach of contract—notice of limitations upon authority**

Defendant Board of Education was not estopped in a breach of contract action from asserting the contract's invalidity based on the requirements of N.C.G.S. § 115C-441(a) even though plain-

TRANSPORTATION SERVS. OF N.C., INC. v. WAKE CNTY. BD. OF EDUC.

[198 N.C. App. 590 (2009)]

tiff contends the Board previously treated the contract as valid and accepted the benefits flowing from that contract because: (1) a county is not subject to an estoppel to the same extent as an individual or a private corporation, although an estoppel may arise against a county out of a transaction in which it acted in a governmental capacity if an estoppel is necessary to prevent loss to another, and if such an estoppel will not impair the exercise of the governmental powers of the county; (2) parties dealing with governmental organizations are charged with notice of all limitations upon the organizations' authority, as the scope of such authority is a matter of public record; and (3) to permit a party to use estoppel to render a county contractually bound despite the absence of the preaudit certificate would effectively negate N.C.G.S. § 159-28(a), and the Court of Appeals is not free to allow a party to obtain a result indirectly that the General Assembly has expressly forbidden, including avoiding the requirements of N.C.G.S. § 115C-441(a).

Appeal by defendant Wake County Board of Education from order entered 13 March 2008 by Judge A. Leon Stanback in Wake County Superior Court. Heard in the Court of Appeals 29 January 2009.

> *Anderson Jones, PLLC, by Matthew Duncan and Todd Jones, for plaintiff-appellee.*

> *Tharrington Smith, L.L.P., by Rod Malone and Neal A. Ramee, for defendant-appellant Wake County Board of Education.*

GEER, Judge.

Defendant Wake County Board of Education ("the Board") appeals from the trial court's denial of its motion to dismiss the breach of contract action brought by plaintiff Transportation Services of North Carolina, Inc., doing business as Crystal Transportation ("Crystal"). The Board contends the contract it entered into with Crystal is invalid and unenforceable because it lacked the preaudit certificate required by N.C. Gen. Stat. § 115C-441(a) (2007). This Court held in *Data Gen. Corp. v. County of Durham*, 143 N.C. App. 97, 103, 545 S.E.2d 243, 247-48 (2001), that the lack of a preaudit certificate renders a contract invalid and unenforceable under N.C. Gen. Stat. § 159-28(a) (2007), a statute essentially identical to N.C. Gen. Stat. § 115C-441(a), but applicable to local governments rather than school boards. We hold that *Data General* is dispositive in this case

TRANSPORTATION SERVS. OF N.C., INC. v. WAKE CNTY. BD. OF EDUC.

[198 N.C. App. 590 (2009)]

and, therefore, conclude that the trial court erred in denying the Board's motion to dismiss.

## Facts

This appeal arises out of a contract dispute between Crystal and the Board. Crystal has provided transportation for special needs students in the Wake County public school system for over 10 years. For the 1996-1997 school year, the Board orally agreed to compensate Crystal for its services on a per-mile-traveled basis. For the 1997-1998 school year, the Board orally agreed to compensate Crystal for its services on a per-student-assigned basis rather than on a per-mile-traveled basis. Under the terms of that agreement, the Board compensated Crystal for each student it was assigned to transport, regardless whether the student was actually transported that day. Thus, Crystal was entitled to compensation for the following students it did not actually transport: (1) those students who attended year-round schools, but were "tracked out"; and (2) pre-Kindergarten students who did not attend school on Fridays.

At the end of the 1997-1998 school year, the parties entered into a written multi-year contract terminating in 2003 under which the same compensation scheme was adopted. The Board paid Crystal under this contract through the 2001-2002 school year. In 2002, the parties entered into a new contract that contained the same terms and was to extend until 2008. The Board subsequently refused to pay Crystal for the students that were not actually transported because their year-round schools were not in session or because they did not attend school on Fridays.

On 19 September 2007, Crystal brought suit against the Board in Wake County Superior Court for breach of contract. Attached to the complaint was a copy of the 2002 contract. The Board filed a motion to dismiss on 27 November 2007 and an amended motion to dismiss on 13 December 2007. In the amended motion to dismiss, the Board contended that the 2002 contract was "void, invalid, and unenforceable on its face pursuant to N.C. Gen. Stat. § 115C-441(a)."

On 31 December 2007, Crystal filed an amended complaint in which it carried over its breach of contract claims and added three new claims. First, Crystal contended the Board was estopped from arguing that the 2002 contract was invalid because it had accepted benefits from that contract for six years. Crystal also asserted a claim for negligent misrepresentation against the Board, and a claim for negligence against defendant Kathryn Watson Quigg, the former chair

TRANSPORTATION SERVS. OF N.C., INC. v. WAKE CNTY. BD. OF EDUC.

[198 N.C. App. 590 (2009)]

of the Board and defendant William R. McNeal, the former secretary of the Board. Crystal also alleged that "a pre-audit was in fact performed," but did not allege that a preaudit certificate existed or was affixed to the 2002 contract.

On 24 January 2008, the Board filed a motion to dismiss Crystal's amended complaint for failure to state a claim under Rule 12(b)(6) and for lack of personal jurisdiction under Rule 12(b)(2) of the Rules of Civil Procedure, arguing that the 2002 contract was invalid and unenforceable under N.C. Gen. Stat. § 115C-441(a) and that all defendants were protected from suit by the doctrine of governmental immunity. On 13 March 2008, the trial court entered an order granting in part and denying in part the Board's motion.

The trial court granted the Board's motion to dismiss Crystal's claims for negligent misrepresentation and negligence against the Board, Quigg, and McNeal for failure to state a claim for relief and for lack of personal jurisdiction on the basis of governmental and public official immunity. The trial court denied the Board's motion to dismiss Crystal's breach of contract and estoppel claims. The Board timely appealed to this Court.

I

[1] This Court reviews de novo a trial court's ruling on a motion to dismiss.[1] " '[T]he question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not.' " *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (quoting *Grant Constr. Co. v. McRae*, 146 N.C. App. 370, 373, 553 S.E.2d 89, 91 (2001)), *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003).

N.C. Gen. Stat. § 115C-441(a) provides, in part, that

no obligation may be incurred by a local school administrative unit unless the budget resolution includes an appropriation authorizing the obligation and an unencumbered balance remains in the appropriation sufficient to pay in the current fiscal year the sums obligated by the transaction for the current fiscal year. *If an*

---

1. We note that the trial court's order denying the Board's motion to dismiss is an interlocutory order. Although interlocutory orders are not ordinarily immediately appealable, because the Board's motion to dismiss was based on the ground of governmental immunity, the trial court's denial of that motion affects a substantial right and can be immediately appealed. *See Data Gen.*, 143 N.C. App. at 100, 545 S.E.2d at 245-46.

TRANSPORTATION SERVS. OF N.C., INC. v. WAKE CNTY. BD. OF EDUC.

[198 N.C. App. 590 (2009)]

> *obligation is evidenced by a contract or agreement requiring the payment of money or by a purchase order for supplies and materials, the contract, agreement, or purchase order shall include on its face a certificate stating that the instrument has been preaudited to assure compliance with this section.*

(Emphasis added.) It further provides that "[a]n obligation incurred in violation of this section is invalid and may not be enforced." *Id.*

The North Carolina appellate courts have not previously considered the effect of the omission of a preaudit certificate from a contract with a school board in violation of N.C. Gen. Stat. § 115C-441(a). This Court has held, however, that a contract with a local government that has no preaudit certificate is invalid under N.C. Gen. Stat. § 159-28(a), an almost identical statute that applies to local governments. The text of N.C. Gen. Stat. § 159-28(a) closely parallels that of N.C. Gen. Stat. § 115C-441(a), providing that "[i]f an obligation is evidenced by a contract or agreement requiring the payment of money or by a purchase order for supplies and materials, the contract, agreement, or purchase order shall include on its face a certificate stating that the instrument has been preaudited to assure compliance with this subsection."

In *Data General*, 143 N.C. App. at 99, 545 S.E.2d at 245, the County of Durham entered into a lease with Data General for computer hardware and software. Data General filed suit for breach of contract, *quantum meruit*, estoppel, and negligent misrepresentation, contending that the County kept and used the equipment for almost two years without making payments to Data General. *Id.* The trial court denied the County's motion to dismiss. *Id.* On appeal, this Court held that the contract was unenforceable under N.C. Gen. Stat. § 159-28(a) because the contract was missing its preaudit certificate. 143 N.C. App. at 103, 545 S.E.2d at 248. The Court explained:

> In the instant case, Data General has failed to make a showing that the required preaudit certificate exists, and none is evidenced in the record. Furthermore, Durham County has argued that no such certificate exists. As there is insufficient evidence in the record that the requirements of N.C. Gen. Stat. § 159-28(a) have been met, we conclude that no valid contract was formed between Data General and Durham County, and Durham County therefore has not waived its sovereign immunity to be sued (and Data General may not maintain a suit) for contract damages.

*Id.*, 545 S.E.2d at 247-48.

TRANSPORTATION SERVS. OF N.C., INC. v. WAKE CNTY. BD. OF EDUC.

[198 N.C. App. 590 (2009)]

This Court has applied this same principle in several other cases. *See Finger v. Gaston County,* 178 N.C. App. 367, 370, 631 S.E.2d 171, 173 (2006) (upholding trial court's grant of summary judgment where plaintiff's agreement with county did not have preaudit certificate); *L&S Leasing, Inc. v. City of Winston-Salem,* 122 N.C. App. 619, 623, 471 S.E.2d 118, 121 (1996) (upholding trial court's grant of summary judgment to city on plaintiff's breach of contract claim because contract lacked preaudit certificate); *Cincinnati Thermal Spray, Inc. v. Pender County,* 101 N.C. App. 405, 408, 399 S.E.2d 758, 759 (1991) (affirming Rule 12(b)(6) dismissal of plaintiff's breach of contract claim where contract between parties did not have preaudit certificate); *see also Cabarrus County v. Systel Bus. Equip. Co.,* 171 N.C. App. 423, 426, 614 S.E.2d 596, 598 (reversing trial court's order enforcing settlement agreement where preaudit certificate was not signed by finance officer), *disc. review denied,* 360 N.C. 61, 621 S.E.2d 177 (2005).

A court "must be guided by the 'fundamental rule of statutory construction that statutes in pari materia, and all parts thereof, should be construed together and compared with each other.' " *Martin v. N.C. Dep't of Health & Human Servs.,* 194 N.C. App. 716, 719, 670 S.E.2d 629, 632 (2009) (quoting *Redevelopment Comm'n v. Sec. Nat'l Bank,* 252 N.C. 595, 610, 114 S.E.2d 688, 698 (1960)). Thus, "courts must harmonize such statutes, if possible, and give effect to each, that is, all applicable laws on the same subject matter should be construed together so as to produce a harmonious body of legislation, if possible." *Town of Blowing Rock v. Gregorie,* 243 N.C. 364, 371, 90 S.E.2d 898, 904 (1956).

N.C. Gen. Stat. § 159-28(a) is part of the Local Government Budget and Fiscal Control Act, while N.C. Gen. Stat. § 115C-441(a) is part of the School Budget and Fiscal Control Act. Although each statute applies to a different type of governmental entity, both statutes deal with the same subject matter: contracts with a unit of government that require the payment of money. To that end, N.C. Gen. Stat. § 159-7(d) (2007), part of the Local Government Budget and Fiscal Control Act, provides:

Except as expressly provided herein, this Article does not apply to school administrative units. The adoption and administration of budgets for the public school system and the management of the fiscal affairs of school administrative units are governed by the School Budget and Fiscal Control Act, Chapter 115, Article 9.

596      IN THE COURT OF APPEALS

TRANSPORTATION SERVS. OF N.C., INC. v. WAKE CNTY. BD. OF EDUC.

[198 N.C. App. 590 (2009)]

*However, this Article and the School Budget and Fiscal Control Act shall be construed together to the end that the administration of the fiscal affairs of counties and school administrative units may be most effectively and efficiently administered.*

(Emphasis added.)

Thus, this Court is directed by both long-standing principles of statutory construction and the legislature to construe N.C. Gen. Stat. § 115C-441(a) in the same manner as N.C. Gen. Stat. § 159-28(a). As a result, this Court's holding in *Data General* and other decisions construing N.C. Gen. Stat. § 159-28(a) are controlling. We, therefore, hold that a preaudit certificate is required for a contract to be valid and enforceable under N.C. Gen. Stat. § 115C-441(a). *See also Nash-Rocky Mount Bd. of Educ. v. Rocky Mount Bd. of Adjustment*, 169 N.C. App. 587, 590-91, 610 S.E.2d 255, 258-59 (2005) (reasoning that in construing definition of word "building" in statute applying to cities, court should look to its previous decision construing same term in identical statute applying to counties).

Crystal argues that despite the substantial similarity between N.C. Gen. Stat. § 115C-441(a) and N.C. Gen. Stat. § 159-28(a), the holding in *Data General* does not apply to its 2002 contract because local school boards are unique governmental entities and are subject to statutes not applicable to other governmental units. Crystal points to the fact that *Data General* involved a contract with a fixed price and a set appropriation. In contrast, Crystal argues, here, the Board is authorized to add additional appropriations for further transportation needs that may arise after the budget has already been set. According to Crystal, the uncertainty about the total cost for the school system's transportation needs and the statutory authorization for future allocation of funds if they are needed makes it impossible to preaudit the school system's transportation costs. Crystal contends that, consequently, transportation contracts such as the 2002 contract should not be treated as an obligation incurred by the school system to another party, but rather as a direct operational expense of the system.

Our Supreme Court has emphasized that " '[w]hen language used in the statute is clear and unambiguous, this Court must refrain from judicial construction and accord words undefined in the statute their plain and definite meaning.' " *Sara Lee Corp. v. Carter*, 351 N.C. 27, 35, 519 S.E.2d 308, 313 (1999) (quoting *Hieb v. Lowery*, 344 N.C. 403, 409, 474 S.E.2d 323, 327 (1996)). N.C. Gen. Stat. § 115C-441(a) pro-

TRANSPORTATION SERVS. OF N.C., INC. v. WAKE CNTY. BD. OF EDUC.

[198 N.C. App. 590 (2009)]

vides that all "obligations" that are "evidenced by a contract or agreement requiring the payment of money" must be accompanied by a preaudit certificate. It is undisputed that the 2002 contract, attached to the complaint, is an obligation evidenced by a contract requiring the payment of money. It, therefore, falls within the scope of the plain language of N.C. Gen. Stat. § 115C-441(a).

Moreover, this Court's holding in *Watauga County Bd. of Educ. v. Town of Boone*, 106 N.C. App. 270, 276, 416 S.E.2d 411, 415 (1992), demonstrates that the preaudit certificate requirement is not limited to fixed price contracts. In *Watauga*, the Town of Boone passed a resolution requiring 18% of the profits of the Town's Alcohol Beverage Control ("ABC") store be given to the school system. *Id.* at 271-72, 416 S.E.2d at 412. The profits that would go to the school system each year were not fixed—the amount could and did vary from year to year. *Id.* at 272, 416 S.E.2d at 412. One year, the school system received $33,000.00, while it received $27,000.00 and $38,000.00, respectively, over the next two years. *Id.* The Court nonetheless declared the resolution invalid under N.C. Gen. Stat. § 159-28(a) because it lacked a preaudit certificate. 106 N.C. App. at 276, 416 S.E.2d at 415.

Additionally, we note that there is nothing in the statute excluding contracts for school transportation from its reach. The plain language of N.C. Gen. Stat. § 115C-441(a) states—without any identified exceptions—that any "obligation" incurred by a local school administrative unit that involves the payment of money or a purchase order *must* be accompanied by a preaudit certificate attached to the face of the contract.

In *Sara Lee*, 351 N.C. at 36, 519 S.E.2d at 313 (quoting *Upchurch v. Hudson Funeral Home, Inc.*, 263 N.C. 560, 565, 140 S.E.2d 17, 21 (1965)), our Supreme Court stressed that " '[w]here the legislature has made no exception to the positive terms of a statute, the presumption is that it intended to make none, and it is a general rule of construction that the courts have no authority to create, and will not create, exceptions to the provisions of a statute not made by the act itself.' " *See also In re Advance Am.*, 189 N.C. App. 115, 120, 657 S.E.2d 405, 409 (2008) (explaining that when the plain language of the statute is unambiguous, " 'the Court is without power to interpolate or superimpose conditions and limitations which the statutory exception does not of itself contain' " (quoting *State ex rel. Utils. Comm'n v. Lumbee River Elec. Membership Corp.*, 275 N.C. 250, 260, 166 S.E.2d 663, 670-71 (1969))). We are, therefore, bound by the plain lan-

TRANSPORTATION SERVS. OF N.C., INC. v. WAKE CNTY. BD. OF EDUC.

[198 N.C. App. 590 (2009)]

guage of the statute and cannot recognize any exceptions not already set forth in the statute.

To the extent that Crystal questions the practicability of the preaudit certificate requirement, those concerns are more properly addressed by the legislature. As our Supreme Court stressed in *Ferguson v. Riddle*, 233 N.C. 54, 57, 62 S.E.2d 525, 528 (1950):

> We have no power to add to or subtract from the language of the statute. The province of the Court is to interpret statutes conformable to the language in which they are expressed, and to declare the law in accord with the will of the law-making power, when exercised within constitutional limits. The question of the wisdom or propriety of statutory provisions is not a matter for the courts, but solely for the legislative branch of the state government.

*See also Maready v. City of Winston-Salem*, 342 N.C. 708, 714, 467 S.E.2d 615, 619 (1996) (explaining that "so long as an act is not forbidden, its wisdom and expediency are for legislative, not judicial, decision"); *Reed v. State Highway & Pub. Works Comm'n*, 209 N.C. 648, 655, 184 S.E. 513, 517 (1936) ("Wisdom or impolicy of legislation is not [a] judicial question. Policy of legislation is for the people, not courts. Courts do not say what law ought to be, but only declare what it is." (internal citations omitted)).

Finally, Crystal argues that because its complaint alleged that all of the statutory requirements—with the exception of the affixing of the signed preaudit certificate to the contract—were met, the trial court properly declined to dismiss Crystal's complaint. N.C. Gen. Stat. § 115C-441(a), however, specifically requires that the signed preaudit certificate be attached to the contract, stating that "the contract, agreement, or purchase order *shall* include on its face a certificate stating that the instrument has been preaudited to assure compliance with this section." (Emphasis added.) *See also Cincinnati Thermal Spray*, 101 N.C. App. at 408, 399 S.E.2d at 759 (holding contract invalid because plaintiff made no showing that preaudit certificate existed and therefore was "unable to show that N.C. Gen. Stat. § 159-28(a) [was] followed"); *L&S Leasing*, 122 N.C. App. at 623, 471 S.E.2d at 121 (holding contract invalid and unenforceable because "[p]laintiff has failed to show that such a certificate of compliance authorizing the alleged contract with L&S Leasing exists and none is evidenced in the record"). Thus, in the absence of an allegation as to the existence of a certificate attached to the contract, the contract is,

TRANSPORTATION SERVS. OF N.C., INC. v. WAKE CNTY. BD. OF EDUC.

[198 N.C. App. 590 (2009)]

necessarily, void. The trial court, therefore, erred in not dismissing Crystal's complaint.

## II

[2] Crystal also contends that even if the 2002 contract is subject to the requirements of N.C. Gen. Stat. § 115C-441(a) and was required to have a preaudit certificate, the Board should be estopped from asserting the contract's invalidity because the Board previously treated the contract as valid and accepted benefits flowing from that contract. "A county is not subject to an estoppel to the same extent as an individual or a private corporation." *Washington v. McLawhorn*, 237 N.C. 449, 454, 75 S.E.2d 402, 405-06 (1953). Nevertheless, "an estoppel may arise against a county out of a transaction in which it acted in a governmental capacity, if an estoppel is necessary to prevent loss to another, and if such an estoppel will not impair the exercise of the governmental powers of the county." *Id.* at 454, 75 S.E.2d at 406.

In *Data General*, 143 N.C. App. at 104, 545 S.E.2d at 248, however, this Court rejected Data General's argument that the County was estopped from asserting the defense of sovereign immunity. The Court held that "Data General may not recover under an equitable theory such as estoppel for breach of contract where Durham County has not expressly entered a valid contract." *Id.* Moreover, the Court explained, "parties dealing with governmental organizations are charged with notice of all limitations upon the organizations' authority, as the scope of such authority is a matter of public record." *Id.* Therefore, "parties contracting with a county within this state are presumed to be aware of, and may not rely upon estoppel to circumvent, such requirements." *Id.*

In *Finger*, 178 N.C. App. at 371, 631 S.E.2d at 174, the Court reasoned that "[t]o permit a party to use estoppel to render a county contractually bound despite the absence of the [preaudit] certificate would effectively negate N.C. Gen. Stat. § 159-28(a). We are not free to allow a party to obtain a result indirectly that the General Assembly has expressly forbidden." Such is the case here—applying estoppel to hold the Board liable would allow Crystal to escape the purpose of the legislature in enacting N.C. Gen. Stat. § 115C-441(a). *See also Wood v. N.C. State Univ.*, 147 N.C. App. 336, 347, 556 S.E.2d 38, 45 (2001) (stating that "the law is clear that any waiver of the State's sovereign immunity must be by action of the General Assembly" and holding that "[i]f a court could estop NCSU from asserting its otherwise valid sovereign immunity defense, then, effec-

tively, that court, rather than the General Assembly, would be waiving the State's sovereign immunity"), *appeal dismissed and disc. review denied*, 355 N.C. 292, 561 S.E.2d 887 (2002).

Therefore, because the 2002 contract's lack of a preaudit certificate renders it invalid and unenforceable, and because Crystal cannot rely upon estoppel to avoid this requirement, we hold that the trial court erred in denying the Board's motion to dismiss. We, therefore, reverse.

Reversed.

Judges STEELMAN and STEPHENS concur.